Filed 3/4/16  In re G.S. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re G.S., a Person Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANGELA F.,<br><br>    Defendant and Appellant. | G052527<br><br>(Super. Ct. No. DP025438)<br><br>O P I N I O N |

                Appeal from a judgment of the Superior Court of Orange County, Dennis J. Keough, Judge.  Affirmed.

                Brent Riggs, under appointment by the Court of Appeal, for Defendant and Appellant.

                Leon J. Page, County Counsel, Karen L. Christensen and Jeannie Su, Deputy County Counsel, for Plaintiff and Respondent.

                                *          *          *

Angela F. (mother) appeals from the juvenile court's termination of her parental rights (Welf. & Inst. Code, § 366.26; all statutory citations are to this code) to her son, G.S. (born in September 2010). She contends the juvenile court failed to comply with the Indian Child Welfare Act (ICWA) (25 U.S.C. §§ 1901 et seq.), as implemented by California law (see § 224.3; Cal. Rules of Court, rules 5.480(l), 5.481(a)), by asking alleged father Brian S. whether he had American Indian heritage. Any error was harmless, and we therefore affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

In September 2014, the Orange County Social Services Agency (SSA) filed a juvenile court petition (§ 300, subds. (b) &, (j)) alleging four-year old G.S. had suffered or was at substantial risk of suffering serious physical harm or illness. Specifically, the petition alleged mother, who had a lengthy history of criminal behavior and drug abuse, left G.S. with an unrelated and unsuitable caregiver at 4:00 a.m. "to find a job," and that person left the child with another individual who was arrested later that morning. The petition also alleged mother had neglected to meet G.S.'s basic needs concerning food, hygiene, and dental care. The court previously had terminated parental rights to four of G.S.'s half siblings. The petition alleged G.S. had no known Indian ancestry.

In November 2014, the juvenile court sustained the petition. At the disposition hearing in January 2015, the court removed G.S. from parental custody, bypassed reunification services, and scheduled a section 366.26 hearing. At the July 29, 2015, section 366.26 hearing, the court terminated parental rights. Mother appeals.

DISCUSSION

*Failure to Ask Alleged Father Brian S. Regarding Indian Heritage Was Harmless*

The detention report reflected mother denied American Indian heritage for her family. In a prior dependency case involving G.S.'s half siblings, the court found no information ICWA would apply. Mother did not name a father on G.S.'s birth certificate, but she identified two men as G.S.'s potential biological fathers, Brian S. and Daniel R. Mother had used Brian's last name for G.S. Neither man was involved in G.S.'s life or provided support, although Brian sent mother some money for G.S.'s recent birthday.

The social worker spoke on the telephone with Brian, who had lived in Ohio since April 2014. Brian met mother at a substance abuse treatment facility and learned she was pregnant around the time they broke up. He believed G.S. was his biological child in part because G.S. physically resembled Brian's father. Brian maintained sporadic contact with mother, and had visited G.S. three times. He was unsure whether he wanted placement. Nothing suggests the social worker asked Brian whether he had any Indian heritage.

At the detention hearing, mother claimed Brian was G.S.'s biological father, and had applied for welfare listing him as G.S.'s father. Mother submitted a form stating she had no Indian heritage as far as she knew. The court appointed counsel for Brian. The court inquired whether anyone had asked Brian about Indian heritage, and SSA's lawyer stated it did not appear anyone had. Mother stated Brian did not have Indian heritage.

The social worker's October 2014 report for the jurisdiction hearing stated G.S.'s Indian heritage was unknown. Brian advised the social worker he did not know whether he was G.S.'s father. He described his relationship with mother, and stated he had cared for G.S. for a few weeks while mother was incarcerated.

Mother and Brian did not attend the jurisdiction or disposition hearings and counsel proceeded on their behalf. At the disposition hearing, Brian's counsel agreed Brian remained an alleged father. No one asserted G.S. had Indian heritage. As noted, the court declared G.S. to be a dependent child, removed him from parental custody, bypassed reunification services for mother, and scheduled a section 366.26 hearing.

In the report for the section 366.26 hearing, the social worker requested the court to find ICWA did not apply. Neither mother nor Brian appeared for the section 366.26 hearing. Counsel submitted on SSA's reports and argument. The court found notice of the hearing had been provided to mother and the alleged fathers, and terminated parental rights. No one at the hearing mentioned ICWA, and the court made no ICWA findings.

Mother contends the juvenile court's failure to ask Brian if he had Indian heritage requires us to remand for the juvenile court to conduct the inquiry. (§ 224.3; Cal. Rules of Court, rules 5.480, 5.481; *In re W.B.* (2012) 55 Cal.4th 30, 52-53; *In re A.B.* (2008) 164 Cal.App.4th 832, 838-839; *In re J.N.* (2006) 138 Cal.App.4th 450, 461-462; Bureau of Indian Affairs, Guidelines for State Courts and Agencies in Indian Child Custody Proceedings, 80 Fed.Reg. 10146, 10152 (Feb. 25, 2015).)

SSA responds there was no obligation to ask Brian about potential Indian heritage because he remained merely an alleged father whose biological paternity had not been acknowledged or established. (See 25 U.S.C. § 1903(9).)

There is no need to decide in this case whether California law implementing ICWA required the juvenile court or SSA to ask Brian if he had Indian ancestry. Breach of the duty to inquire into the Indian heritage of a child does not necessitate a remand for proper inquiry where "the court's noncompliance with the inquiry requirement constitutes harmless error." (*In re A.B., supra,* 164 Cal.App.4th at p. 839.) "Where the record below fails to demonstrate and the parents have made no offer of proof or other affirmative assertion of Indian heritage on appeal, a miscarriage of

4

justice has not been established and reversal is not required." (*In re Noreen G.* (2010) 181 Cal.App.4th 1359, 1388.)

Here, the record below contains nothing suggesting Brian had Indian heritage, and mother has made no offer of proof or affirmative assertion on appeal that Brian has Indian heritage. A miscarriage of justice therefore has not been established and remand is not required. We need not address whether the issue of Indian heritage was mooted by Brian's postjudgment statement he did not have Indian heritage, or by the juvenile court's proceedings occurring after the section 366.26 hearing that resulted in the court finding ICWA did not apply. SSA's motions to take additional evidence on appeal, augment the record, and to dismiss the appeal as moot are denied.

## III

### DISPOSITION

The judgment terminating parental rights is affirmed.


ARONSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


FYBEL, J.

5